46952. AARON v. IRVIN.
(381 SE2d 35)

CLARKE, Presiding Justice.
This is an appeal from a grant of a permanent injunction by the Superior Court of Toombs County. Appellant is the owner and operator of the Racket Town Wildlife Club. The purpose of the club is the processing of meat and game for its members. There was testimony

that while the members may use the facility to process their own meat, employees are available to process meat for them for a fee. Appellant contends that the club is not subject to licensing and inspection because the meat is processed for consumption by members and not for sale.

Commissioner of Agriculture Thomas T. Irvin sought to enjoin the operation of the club's meat-processing operation without a license as required by OCGA § 26-2-209. Appellant contends that under an exception to OCGA § 26-2-205 it is not required to have a license. OCGA § 26-2-205 exempts meat slaughtered for home consumption from the inspection requirements otherwise required by that section. Appellant's insistence upon this exception is the basis for the appeal. However, as the court explained in its order permanently enjoining the operation, being excused from the meat inspection requirements of § 26-2-205 does not relieve one from the licensing requirements of § 26-2-209. We agree. The clear language of the OCGA § 26-2-209 requires that any meat processing plant be licensed by the Commissioner of Agriculture. OCGA § 26-2-205 excepts meat slaughtered and processed for home consumption from the requirement that all meat be inspected by the Commissioner. However, this exception does not apply to the requirement that all processing plants be licensed pursuant to OCGA § 26-2-209.

Appellant argues that the requirement of licensing of the Racket Town Wildlife Club's game dressing facility would mean that every hunter's kitchen would be subject to the licensing requirement. However, the definition of "meat, poultry, or dairy processing plant" in OCGA § 26-2-200 (3) does not include the hunter's kitchen, which is not an "establishment for the killing, storage, dressing, manufacture, preparation, or processing of any animal, fowl, or dairy product or any by-product thereof for human consumption." The Racket Town Wildlife Club, on the other hand, is such an establishment. Further, the purpose of the licensing requirement of OCGA § 26-2-209 is "[t]o assure the protection of the consuming public. . . ." This protection should extend to the members of the club, their families, friends, and anyone else who may consume the meat processed by even a private meat processing facility.

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

DECIDED JULY 13, 1989.

*Hudson & Galloway, William T. Hudson,* for appellant.
*Michael J. Bowers, Attorney General, J. Michael Davis, Assis-*

*tant Attorney General,* for appellee.